LANDRY, Judge.
Plaintiff Joseph I. Guillory (Employee) takes this appeal from the decision of the Civil Service Commission, State of Louisiana (Commission), affirming his dismissal by the Department of Institutions, Louisiana State Penitentiary (Employer), from the position of guard (Corrective Officer I), for falling asleep on night duty. We find the Commission erred in refusing appellant opportunity to produce certain evidence to establish alleged discrimination and remand this matter to the Commission for further proceedings consistent with the views expressed herein.
A clear understanding of the several complex issues of law raised by counsel for employee will be best understood by relating at this point the more or less undisputed sequence of events which prompted plaintiff’s dismissal.
Appellant was initially hired as a guard by Employer in December, 1955, and remained continuously so engaged, except for a four month interval, until his discharge effective at the close of business February 29, 1968. Employer’s notice of dismissal, by letter dated February 22, 1968, expressly charges appellant with gross neglect of duty in violating penitentiary .security regulations by leaving unlocked the gate appellant was assigned to guard and falling asleep inside the gate house.
A perusal of appellant’s personnel file which appears of record, indicates that prior to September 19, 1967., appellant’s performance was entirely satisfactory to Employer whose periodic evaluations of plaintiff were most complimentary. On the *284 mentioned date, however, an altercation occurred in plaintiff’s presence which resulted in injury to an inmate. Although plaintiff was partially implicated therein and not completely exonerated from responsibility for the incident, no disciplinary action was then taken against him. However, on October 2, 1967, plaintiff was changed from the day shift, which he had worked for some time, to the night tour of duty which ran from 10:00 P.M. to 6:00 A.M. daily. On the night of February 9, 1968, appellant was found asleep at his post and the gate he was assigned to guard was found unlocked.
Appellant readily admits he was asleep on duty and the gate allowed to remain unlocked as charged. He maintains, however, his dereliction was involuntary and therefore exculpable inasmuch as he was under heavy medication for a nervous condition to the knowledge of his superiors. More precisely, appellant maintains he was under daily sedation for a nervous condition and the effects of the drugs he was taking were unpredictable. Stated otherwise, appellant’s position is that his falling asleep was induced by his medication and that neither plaintiff nor his treating physician could reasonably foresee such a result. On this basis, plaintiff argues he was discriminated against in two respects. First, that employer had full knowledge of. appellant’s condition yet deliberately assigned appellant to duties appellant was unable to fulfill. Secondly, employer refused to change appellant back to day duties in keeping with employer’s established policy of accommodating disabled employees by reassignment to duties compatible with their physical infirmities. So contending, appellant prays for reinstatement to his former position and assignment to duties consistent with his performance ability. Alternatively, appellant seeks retirement benefits due a disabled employee.
In addition to the foregoing appellant raises certain procedural questions. At the hearing before the Commission, Employer moved to dismiss plaintiff’s appeal on the ground plaintiff admitted the offense charged. The Employer further urged that the letter of Dr. Munson dated October 28, 1967, recommending appellant be relieved of night duty was of no moment since the dereliction occurred February 9, 1967. Employer also argued that if plaintiff were unable to fulfill the duties of night guard, he should have requested either sick or annual leave.
Instead of immediately passing upon Employer’s motion to dismiss plaintiff’s appeal, the Commission elected to proceed pursuant to its rule 13.19(e) which provides as follows:
“The Commission may require the appellant to give his sworn testimony before hearing any other witness on his behalf. If the Commission is satisfied by appellant’s testimony that he has no just or legal ground to support his appeal, it may decline to hear any other evidence and may dismiss the appeal on the facts established by appellant’s testimony.”
In conformity with rule 13.19(e), appellant was placed under cross and direct examination. His testimony disclosed substantially that he was under heavy medication which caused him to fall asleep-. Appellant also stated his employer was fully cognizant of his condition, having been furnished with Dr. Munson’s written request that appellant be relieved from night duty. Appellant’s counsel then sought to introduce the corroborative testimony of certain physicians regarding appellant’s physical condition which request was denied. Appellant also requested the summoning of Colonel Wingate White, Director, Department of Institutions, through whom appellant intended to establish his claims of discrimination, which request was refused. Finally, appellant sought production of his complete personnel file together with all correspondence between Colonel White and General David Wade, plaintiff’s superior, concerning appellant and the incident of September 19, 1967, alluded to in paragraph five of Employer’s dismissal notice.
*285 With the record in the state indicated, the Commission issued written findings under date of April 18, 1968. Employer’s motion to dismiss employee’s appeal was granted. The Commission found as a fact that appellant was asleep on duty as charged. On this ground the Commission concluded appellant’s discharge was proper inasmuch as the jurisprudence established in Bonnette v. Louisiana State Penitentiary, La.App., 148 So.2d 92, holds that falling asleep on guard duty is cause for dismissal considering the sensitive nature of such employment. It is clear from the Commission’s findings that the Commission conceded plaintiff’s falling asleep was involuntary and the medical authorities sought to be called by plaintiff would have so testified. The Commission concluded, however, such corroborative testimony would add nothing to the hearing inasmuch as, in the Commission’s view, falling asleep, even involuntarily, under the circumstances, was ground for appellant’s discharge. Because appellant admitted he knew of no one on guard duty who had been exempt from night shift because of physical infirmity, the Commission found appellant had no basis for his claim of discrimination.
Commission Rule 13.14 provides in substance that an appeal may be dismissed for four reasons, namely: (A) Lack of Commission jurisdiction over the subject matter; (B) no right of appeal exists under the circumstances shown; (C) failure of appellant to timely and properly perfect his appeal, and (D) the Commission’s decision on the merits would be ineffectual. Obviously none of said reasons for dismissal are present in the case at hand. Although the Commission’s decision sustained Employer’s motion to dismiss the appeal, the procedure followed by the Commission pursuant to its rule 13.19(e), hereinafter discussed in detail, was tantamount to a full hearing of appellant’s exculpatory defense. In this regard we note appellant was afforded ample opportunity to fully present his claim of justification or excusability from fault. Appellant testified at length concerning the cause of his falling asleep. In reaching its conclusion, it is evident the Commission conceded said action on appellant’s fault was involuntary as claimed. Under these circumstances we find no fault with the action of the Commission in denying appellant an opportunity to present medical testimony which would have been purely cumulative and corroborative. Having admitted the circumstances on which appellant based his defense of ex-culpability, the Commission was not required to hear further evidence on this aspect of the appeal. Having made this concession, however, the Commission was bound thereby and obviously took this admission into consideration in passing upon the merits of this particular defense. Insofar as this phase of the case is concerned, we find no criticism of the Commission’s action.
However, as hereinafter shown, application of rule 13.14(D) in granting Employer’s motion to dismiss violated appellant’s basic constitutional rights insofar as it denied appellant an opportunity to prove his alleged defense of discrimination.
The Commission’s finding that appellant’s conduct was cause for dismissal, even if involuntary as claimed, is eminently proper. While appellant makes much of the Employer’s failure to establish the efficacy on the date in question of a rule making falling asleep on duty a discharge-able offense, appellant can find no comfort in such absence. Bonnette v. Louisiana State Penitentiary, supra. It is elementary that in view of the nature of the services required of a particular employee, certain conduct constitutes such a gross and flagrant violation of duty as to warrant dismissal of the offending employee even though such action is not proscribed by an express rule or regulation. Obviously falling asleep while on guard at a state penitentiary falls within such category. Even though only a minimum security area was involved, falling asleep in such capacity warrants dismissal.
*286 If the matter rested at this point, affirmation of the Commission’s ruling in its entirety would be in order. There remains, however, appellant’s contention that rules 13.14(D) and 13.19(e) are unconstitutional per se inasmuch as they contravene appellant’s rights tinder the due process clauses of our state and federal constitutions and also infringe the right of appeal granted by La.Const. Article 14, Sec. 15(0), (1) and (2). Alternatively, appellant argues said rules are unconstitutional as applied herein by the Commission inasmuch as said application violates the same constitutional provisions above mentioned.
Granted the Commission has rule making powers having the force of law and which are binding upon all parties. LSA Const. Article 14, Sec. 15(1) (8); Young v. Charity Hospital of Louisiana at New Orleans, 226 La. 708, 77 So.2d 13. Nevertheless the Commission’s rules may not violate basic constitutional rights. Hays v. Louisiana Wild Life and Fisheries Commission, 243 La. 278, 143 So.2d 71.
It is of extreme significance in matters of this nature that the burden of proof rests upon the discharged or disciplined employee. La.Const. Article 14, Sec. 15; Domas v. Division of Employment Security of Dept. of Labor, 227 La. 490, 79 So.2d 857. Because of such onus, no procedural rule adopted and promulgated by the Commission may deprive an employee of the opportunity to present his defense in full. Otherwise the right of appeal granted by La.Const. Article 14, Sec. 15 (O), (1) and (2), would be meaningless.
Viewed in the light of the foregoing principles, ,we do not find that the Commission’s rule 13.14(D), which provides for summary dismissal of an appeal when the Commission finds a decision on the merits would be ineffectual, is unconstitutional per se. We can readily conceive of situations wherein enforcing such a rule would serve a worthwhile purpose. However, a determination of such character is essentially a conclusion of law rather than a finding of fact and therefore reviewable by the courts in each instance.
We do find, however, that in applying rule 13.14(D) in the manner shown herein, the Commission effectively deprived appellant of an opportunity to prove his claim of alleged discrimination. There resulted from such action a denial of appellant’s right to the protection of the due process clause of our state constitution as contained in Article 1, Section 2, thereof and also abrogated appellant’s right of appeal guaranteed by Louisiana Constitution Article 14, Section 15(O), (1) and (2). See also State ex rel. Murtagh v. Department of City Civil Service, 215 La. 1007, 42 So.2d 65.
Neither do we find rule 13.19(e) unconstitutional per se. While this regulation permits the Commission to render judgment on an appeal after taking only the appellant’s testimony and to decline to permit introduction of further evidence, such determination is also reviewable by the court since a question of law is thus presented. This rule apparently complements rule 13.14 by permitting the Commission, in a proper case, to stop the admission of redundant, cumulative testimony of little or doubtful relevancy. That the authority to adopt such a rule is vested in the Commission cannot be denied. Such power is both necessary and desirable to the end that the functions of the Commission may not be unduly delayed or confounded by dilatory or disruptive tactics. Obviously such rule making authority may not be exercised arbitrarily or in any manner resulting in limitation or deprivation of the right of an employee to discharge the burden incumbent upon him of establishing an alleged illegal discharge whether resulting from reputed, discrimination or otherwise. Such an issue, however, must, of course, be resolved in the light of the facts peculiar to each individual case. As applied by the Commission-in the case at hand, rule 13.19 (e) also violates the same constitutional provisions and guarantees hereinabove mentioned in our consideration of the applica *287 tion of rule 13.14. We concur in the Commission finding as a fact that even though appellant slept involuntarily, such circumstance constituted lawful ground for dismissal notwithstanding the Employer had no such specific rule in force. Due to the nature of the employment in question, Employer could not be logically required to maintain in such a critical position an individual prone to fall asleep. It is obvious that the nature of appellant’s position required an individual to remain constantly alert and vigilant during his entire tour of duty. The security of the penitentiary, the safety of the public and appellant’s own welfare are directly dependent upon the full and uninterrupted performance of duty.
We find no merit in the contention appellant should be excused from culpability because Employer was aware of appellant’s disability. It is settled law that inability of an employee to perform his duties due to illness or accidental injury constitutes legal cause for dismissal, Dickson v. Department of Highways, 234 La. 1082, 102 So.2d 464, or assignment to different duties, Johnson v. State Department of Institutions, La. App., 198 So.2d 159. The wisdom of this rule is clearly demonstrated by the case at hand. It would be folly indeed to require Employer to retain appellant in the position of guard.
On the other hand, a state agency may not so manipulate the assignments of its employees who enjoy permanent civil service status, so as to fabricate cause for dismissal when no such reason exists otherwise. Johnson v. State Department of Institutions, supra. Additionally, an employer, out of humane considerations, may adopt reasonable rules and regulations to accommodate its assignments of duties to the capacities of its employees. Johnson v. State Department of Institutions, supra. This means, of course, that an employer may reassign employees to other duties when rendered incapable by illness or accidental injury of fully discharging the duties of a former position. Such rules, however, must be neither unreasonable nor arbitrary and must uniformly apply to all without distinction or discrimination.
Since appellant is admittedly incapable of performing night guard duties, he is clearly therefore not entitled to reinstatement in such capacity. Appellant has, however, offered to prove that he was discriminated against in being placed on night duty despite the knowledge of his employers he could not stay awake. Appellant also proposed to establish discrimination against him by refusal of Employer to reassign appellant to other duties consistent with Employer’s policy in such cases. Said alleged discrimination, if established, constitutes a violation of appellant’s rights under our Civil Service Amendment. Defendant is entitled to the same treatment regarding reassignment due to physical disability as is customarily accorded other employees by the present Employer. If appellant can establish his claim of discrimination in any respect, he is entitled to reassignment consistent with the Employer’s proven policy. If not, his dismissal must stand.
That appellant could not personally cite one instance of favoritism of other employees is a matter of no moment as regards his claim of alleged discrimination. Nevertheless, appellant is clearly entitled to produce such evidence as he can to establish the contention of reputed discrimination and have the Commission rule thereon. It follows that the Commission’s ruling on the issue of alleged discrimination must be reversed and set aside.
We pretermit any consideration of appellant’s alternative claim to retirement benefits pending the Commission’s ruling on the issue of discrimination.
Accordingly, it is ordered, adjudged and decreed that this matter be remanded to the Honorable Civil Service Commission for the purpose of receiving evidence concerning and adjudicating appellant’s claim of alleged discrimination and entitlement to reassignment in a capacity consistent with his physical condition.
*288 It is further ordered, adjudged and decreed that the Commission first dispose of said claim of discrimination and if said issue be resolved against appellant, then determine appellant’s asserted right to retirement benefits.
Affirmed in part, reversed in part and remanded.