SARTAIN, Judge.
This is the second occasion we have had to review Joseph I. Guillory’s dismissal by the Department of Institutions from the position of guard (Corrective Officer I). When the matter was first before us, 219 So.2d 282, we determined that the Civil Service Commission committed an error in law when it refused Mr. Guillory an opportunity to show that his dismissal was discriminatory.
In remanding the case to permit appellant to offer evidence in support of his allegation of discrimination we stated:
“On the other hand, a state agency may not so manipulate the assignments of its employees who enjoy permanent civil service status, so as to fabricate cause for dismissal when no such reason exists otherwise. Johnson v. State Department of Institutions, [La.App., 198 So.2d 159] supra. Additionally, an employer, out of humane considerations, may adopt reasonable rules and regulations to accommodate its assignments of duties to the capacities of its employees. Johnson v. State Department of Institutions, supra. This means, of course, that an employer may reassign employees to other duties when rendered incapable by illness or accidental injury of fully discharging the duties of a former position. Such rules, however, must be neither unreasonable nor arbitrary and must uniformly apply to all without distinction or discrimination.
Since appellant is admittedly incapable of performing night guard duties, he is clearly therefore not entitled to reinstatement in such capacity. Appellant has, however, offered to prove that he was discriminated against in being placed on night duty despite the knowledge of his employers he could not stay awake. Appellant also proposed to establish discrimination against him by refusal of Employer to reassign appellant to other duties consistent with Employer’s policy in such cases. Said alleged discrimination, if established, constitutes a violation of appellant’s rights under our Civil Service Amendment. Defendant is entitled to the same treatment regarding reassignment due to physical disability as is customarily accorded other employees by the present Employer. If appellant can establish his claim of discrimination in any respect, he is entitled to reassignment consistent with the Employer’s *444 proven policy. If not, his dismissal must stand.”
On remand the Commission unanimously concluded that appellant had failed to bear the burden of proving that his dismissal in lieu of reassignment was discriminatory. In its written findings of fact the Commission viewed in detail the testimony of appellant’s superiors. The clear preponderance of this testimony is to the effect that no previous case involving a guard found asleep while on duty was meted a disciplinary measure short of dismissal.
Counsel for appellant urges that the fact that Guillory was under medical treatment at the time should be accepted in mitigation of the offense. Counsel further contends that even though there are no other instances involving involuntary sleep resulting from medication, this circumstance is analogous to the reassignment of an employee in accordance with that employee’s health and physical condition. We have reviewed this argument which in its final analysis is that under the particular circumstances of this case the punishment of dismissal is not justified.
Assuming arguendo, that reasonable persons may disagree as to the extent of discipline a particular offense warrants, the determination of the disciplinary measure to be imposed is one of fact and falls within the exclusive area of authority vested in the Civil Service Commission by the constitution of this state.
In Smith v. Louisiana State Board of Health, 201 So.2d 14 (1967), we expressed, in the politest manner possible, our opinion that the ultimate dismissal of Mrs. Smith was indeed harsh. We were constrained to conclude, however, that the determination of discipline is one of fact and addresses itself to the exclusive jurisdiction of the Commission.
The same is true in the case at bar. Our review of the instant matter must be on questions of law alone. Louisiana Constitution Article 14, § 15(0) (1). It is only where the record is barren of any evidence to support the findings of the Commission that a question of law arises. If there is any evidence before the Commission showing that the employee’s conduct is prejudicial to the service the Commission’s ruling will not be disturbed on appeal.
We stated when the matter was considered by us on the first appeal that a guard going to sleep while on duty at a state penitentiary is a serious offense and such conduct is certain to be prejudicial to the orderly operation of the institution.
While it was the recommendation of one of appellant’s superiors that his punishment be limited to a ten day suspension, his immediate superior recommended termination from service which was concurred in by his appointing authority. Under these circumstances it is not for us to interject the court into the disciplinary measures imposed by the appointing authority. The review of disciplinary measures, ranging from reprimand to dismissal, is one of the primary purposes for which the Civil Service Commission was constitutionally ordained.
Because of the views stated above it is not necessary for us to express an opinion on the refusal of the Commission to give appellant additional time in which to obtain the testimony of two physicians who attended to Mr. Guillory. We assume, as did the Commission, that Mr. Guillory was taking medication prescribed by one of the doctors and that the other doctor had recommended a reassignment to duties less stringent than those appellant was performing at the time of the occurrence of the event which led to his dismissal. The refusal to give appellant additional time to depose these doctors was not prejudicial to appellant’s cause.
Finally, appellant asks that if his dismissal is upheld by us that we order his reinstatement for the limited purpose of conferring upon him the status required for applying for partial or total benefits under the Louisiana Employees Retirement Sys *445 tem. We must reject this alternate prayer of relief because it in effect would be modifying or changing the sentence of dismissal imposed by the Commission which for reasons stated above we have declined to do.
Accordingly, for the above and foregoing reasons the ruling of the Civil Service Commission is hereby affirmed at appellant’s costs.
Affirmed.