LANDRY, Judge.
Earl E. Walker (Appellant), who has appealed the decision of the Civil Service Commission (Commission) sustaining Appellant’s dismissal by the State Parks and Recreation Commission (State Parks) from the Civil Service position of Park Superintendent III, Sam Houston State Park, has moved to remand this matter to the Commission for a new trial on the ground that the record of his hearing before the Commission is patently defective, incomplete and insufficient to permit satisfactory resolution by this court of the issues presented on appeal. We agree and remand this matter to the Commission for a rehearing and the compilation of a complete and satisfactory transcript thereof.
Appellant’s dismissal was based on charges of repeated accidents involving *906 state owned vehicles; failure to report accidents involving state owned automobiles; failure to keep accurate daily records of mileage traveled during the course of Appellant’s employment, and inability to properly supervise subordinates.
In his brief submitted in support of the motion to remand, Appellant cites, by transcript, page 141, instances of omissions in the record before us. Many of the omissions noted are contained in the statements made by Commission members, counsel for the Appellant and counsel for the Commission and State Parks. We note that a considerable number of omissions, all indicated by the term “(inaudible)”, relate to statements and argument regarding the admissibility of testimony and/or documents and questions propounded to witnesses under examination. We also observe that these gaps, in many instances, concern facts relative to legal issues which this court must consider upon appeal.
We reject the argument of counsel for the Commission that the elisions in question refer to immaterial matters having no substantive bearing on the issues presented by this appeal.
Also significant in this case is the fact that Appellant’s present counsel did not represent Appellant in the hearing before the Commission. Neither the members of this court, nor counsel for Appellant, have any way of knowing whether the noted omissions involve a single word, phrase, clause, extensive testimony of a witness or vital argument of counsel.
We acknowledge that in this instance (the appeal having been taken prior to January 1, 1975), our review of the Commission’s decree is limited to questions of law, and that factual findings of the Commission may not be disturbed on appeal unless found to be without factual support in the record. Nevertheless a discharged Classified Employee is entitled to judicial review of his case on a substantially complete record of the testimony brought before the Commission. We note that on appeal, an incorrect record, or one which contains misstatements, irregularities or informalities, may be corrected by stipulation of the parties even after the record is transmitted to the Appellate Court. LSA-C.C.P. art. 2132.
Since many of the omissions in question are designated by the term “inaudible”, it appears that the Commission used a voice recording device to perpetuate the testimony and proceedings below. It also appears that for this reason, the gaps in question cannot be supplied from the record compiled below. It is obvious that the omissions cannot be furnished by stipulation since present counsel for Appellant did not represent Appellant before the Commission.
We add that this is not the first record sent up by the Commission with a considerable number of such omissions appearing of record. This, however, is by far the greatest number of such defects we have encountered in a single record. We are inclined to believe the fault lies either with the recording devices employed by the Commission or the efficiency of Commission personnel charged with the duty of transcribing the recordings of the Commission’s hearings.
Appellant is not charged with the obligation of furnishing the transcript on appeal. This duty lies with the Commission. La.Const., 1921, Article XIV, Section 15 (C) and Section 15 (0) (1).
We find that significant deficiencies exist with respect to the testimony of Appellant Earl E. Walker, Joe Reeves, Trooper James Hall, Lois Wingate and J. Michael Dodd, III. We also find material deficiencies concerning the argument of counsel for Appellant in opposition to certain documentary evidence introduced into the record.
We do not remand for trial de novo; neither do we require further judgment by the Commission. Our remand is limited to *907 taking the testimony of the witnesses noted and reintroduction of documents tendered below in order that counsel for Appellant be afforded full opportunity to object to any such evidence offered on behalf of State Parks, should counsel so desire.
By virtue of the supervisory powers conferred upon us by La.Const., 1921, Article VII, Section 29, it is ordered, adjudged and decreed that this matter be and the same is hereby remanded for further proceedings consistent with the views herein expressed and that, after completion of the transcript of testimony as hereinabove set forth, the entire record in this matter be returned to this court for final disposition of this matter. All costs incident to the remand of this matter, for which the Commission is legally liable, shall be paid by the Commission.
Remanded with instructions.