COLE, Judge.
This is an appeal by Earl E. Walker from a ruling by the Louisiana Civil Service Commission which affirmed his dismissal by *1204 the Louisiana State Parks and Recreation Commission.
This case has been before us previously; see State Parks and Recreation Commission v. Walker, 315 So.2d 905 (La.App. 1st Cir. 1975). There, we granted the appellant’s motion to remand for the purpose of taking again the testimony of five witnesses because the transcript of the original hearing as it pertained to those persons contained omissions. That order was complied with on April 21, 1976, and the matter is now here for decision. We affirm the action of the State Civil Service Commission.
The letter of dismissal dated January 30, 1974, to the appellant who had held the position of Park Superintendent III contained these reasons for that action:
“You are being separated because of the following specific offenses:
“1. Failure to comply with Division of Administration Fiscal Policy and Procedures Memorandum # 49, dated November 1, 1972, and reviewed with you at our Superintendents’ Meeting in September 1973, requiring a written report of accidents, major and minor, involving State-owned vehicles. The 1972 vehicle assigned you incurred an estimated $250.00 damage which you failed to report, but came to our attention when its inspection was due.
“2. Apparent careless and/or reckless driving on December 10, 1973, resulting in your vehicle running off the road and into a ditch. Wrecker service cost to the agency was $15.45.
“3. Apparent careless and/or reckless driving on January 23, 1974, resulting in your 1973 vehicle running off the road, damaging a utility pole, and an estimated damage to your vehicle of $400.00 plus a $20.00 wrecker service charge.
“4. Failure to submit accurate daily mileage records on your assigned vehicle.
“5. Repeated failure to submit accurate records regarding payroll worksheets and requisition forms, requiring constant individual supervision and attention.
“6. An apparent inability to properly supervise personnel at the park for its efficient operation and maintenance, resulting in confusion, dissention [sic] and serious morale problems.” (Record, p. 2)
That termination was appealed and a hearing was thereafter conducted by the Civil Service Commission. In the course of that proceeding, charges four, five and six were dismissed by the Commission for vagueness; it further found, however, that there was evidence to support charges one, two and three and that the appellant had failed to carry the burden upon him to refute them.
As this dismissal took place on the date previously indicated, our scope of review is governed by Article 14, Section 16(0 )(1) of the Louisiana Constitution of 1921, which provides, in pertinent part:
“There is vested in the State Civil Service Commission and in the appropriate Civil Service Commissions for the several cities respectively the exclusive right to hear and decide all appeals and the legality of all removal and disciplinary cases. The decision of the appropriate Civil Service Commission shall be final on the facts * * (Emphasis added)
Our courts have adhered strictly to this mandate and have stated consistently that only where the record is barren of evidence to support the Commission’s ruling does a question of law arise. Guillory v. State Dept. of Institutions, La.St.Pen., 234 So.2d 442 (La.App. 1st Cir. 1970). In proceedings of this nature, Article 14, Section 15(N)(1) of that Constitution also imposes the burden of proof as to the facts upon the employee.
Charge number one here dealt with the violation by Walker of a Division of Administration memorandum which required that all accidents involving State-owned vehicles under his control were to be reported by him in writing. At the original hearing, the appellant willingly and at length responded to that allegation and was obviously quite aware of its substance and thrust. Later, after extensive testimony had been taken, an objection was raised on his behalf that this charge was also not specific enough to be properly defended. *1205 We construe the charge as not lacking in specificity. It is noted that a great deal of the subject matter giving rise to the.charge was peculiarly within the knowledge of appellant and generally unavailable to the appellee. In any event, this objection was not timely made and was, therefore, waived. Foster v. Department of Public Welfare, 159 So.2d 515 (La.App. 1st Cir. 1963).
With further respect to charge number one, Walker admitted that the truck was damaged to some extent, that he was familiar with the regulation in question, and that he filed no written reports at all on that vehicle. His explanation for not doing so was that he called the proper office in Baton Rouge and was told by Wiley Harvey, a superior, to fix the vehicle at the park if possible and that his verbal report was sufficient. However, Harvey was not subpoenaed for, or present at, the hearing. In regard to that allegation, the Commission found as a fact:
“2. During the spring of 1973 appellant was involved in at least three accidents which caused some physical damage to the 1972 State vehicle. None of these accidents was reported in writing to Baton Rouge even though appellant was aware of the regulation requiring they be reported.” (Record, p. 32)
Charges two and three are concerned with two incidents of carelessness and/or reckless driving. The first of these alleges that on December 10, 1973, Walker ran off the road and into a ditch in his State vehicle which had to be removed by a wrecker at his employer’s expense. Charge three pertained to an incident on January 23, 1974, which his truck also left the road and struck a utility pole which did damage to the truck and the pole and which also caused another wrecker expense.
The appellant related that in each instance he was forced off the road by a vehicle which encroached on his lane of travel. In the earlier incident, he stated that a garbage truck had caused him to go into the ditch which was obscured by the grass around it; in the latter case, an automobile had crossed the yellow center line and come into his lane, causing him to take evasive action.
No witnesses who had seen either of these incidents were called to substantiate Walker’s explanation. However, Trooper James Hall of the Louisiana State Police, who investigated the latter mishap, positively established that there were no center line markings of any type on the road in the vicinity of that accident; further, that although it appeared that the appellant was going at a very low rate of speed, that after going off the road, he traveled some sixty feet and crossed a private driveway before his truck was stopped by the pole.
That both incidents occurred was admitted by Walker. To carry the burden of proof incumbent upon him, he offered only his own denial of recklessness or careless conduct. The written opinion of the Commission reflects that they considered the cumulative effect of all of his actions and concluded that the evidence was insufficient to refute those charges, particularly in view of the number of similar occurrences in which he was involved within a relatively short time.
We are not at liberty to substitute our interpretation of the facts for those of the Civil Service Commission or to weigh the testimony presented before them. The record contains sufficient information to support all findings made by them here and we are bound by those conclusions.
The proceedings on remand complied with our prior orders and a proper record was made of that testimony. Therefore, there are no present grounds for an additional remand or a trial de novo.
The decision of the Civil Service Commission will, therefore, be affirmed, the appellant to pay all costs of this appeal.
AFFIRMED.