the petition in the neglect proceeding is affirmed.

McCALEB, J., concurs for the reasons given in No. 43142.

96 So.2d 26

**Archie J. MARCHIAFAVA**

v.

**BATON ROUGE FIRE AND POLICE CIVIL SERVICE BOARD.**

No. 43287.

May 6, 1957.

Rehearing Denied June 10, 1957.

R. Gordon Kean, Jr., Parish Atty., John V. Parker, Asst. Parish Atty., Baton Rouge, for relator.

Walton J. Barnes, Baton Rouge, for respondent.

HAMITER, Justice.

On August 6, 1956 Archie J. Marchiafava was notified of his dismissal as a member

of the Baton Rouge Police Department, the written reasons given therefor by the Chief of Police being that he had participated in political activities in violation of paragraph 34, subd. a(4) (e) of the Municipal Fire and Police Civil Service Law (Article XIV, Section 15.1 of the Louisiana Constitution, as amended) in that he was "engaged in handing out campaign literature and wearing a badge advocating the election of a candidate in the Mayor-President race on election day." He appealed to the Baton Rouge Municipal Fire and Police Civil Service Board, and it affirmed the dismissal on a finding that there had been a participation in political activities as charged.

Marchiafava, thereupon, instituted this suit in the district court of East Baton Rouge Parish to obtain a review of the Board's ruling. In it the defendant Board first filed an exception to the jurisdiction ratione materiae which was overruled. Later, on a hearing of the merits, the court rendered a judgment ordering that " * * the dismissal of Archie J. Marchiafava from his position as patrolman in the classified service of the police department of the City of Baton Rouge is set aside, the said employee is restored to duty, and this matter is remanded to the Municipal Fire and Police Civil Service Board of Baton Rouge, Louisiana, which Board shall direct the suspension of said employee without pay for such period as said Board in its discretion may determine, or the said Board in its discretion may direct such other disciplinary action not inconsistent with the views herein expressed, * * *."

We granted writs under our supervisory powers, on the Board's application, primarily for the purpose of reviewing the district court's judgment on the merits.

■  When instituting the suit in the district court (a so-called appeal from the Board's ruling) plaintiff complained only that the notice of dismissal given him (hereinabove described) was inadequate, his contention being that without more information he as unable to present his case properly; and he alleged that the inadequacy constituted "technical and legal bad faith and sufficient and proper cause for an appeal to this court and the reversal of the Board's decision." In rejecting this complaint the judge correctly reasoned and concluded: " * * * I think this notice informed the appellant of the reason for his discharge in sufficient particularity. The only Mayor-President election at that time was on July 31, 1956. I do not believe it should be required that this notice spell out all the details of the activity charged against the appellant. The Chief of Police is not an attorney. This is not an indictment by a Grand Jury, and it is my opinion that sufficient information was included in the notice."

This conclusion is sustained by the decision in State ex rel. Perez v. Whitaker,

116 La. 947, 41 So. 218, 220. Therein, this court was considering the dismissal of a member of the New Orleans Police Department under the provisions of Act 32 of 1904, and the following observations were made: "The relator complains of the charges and specifications as not sufficiently indicative of the offense, also as not being sufficiently definite as to date.

"It is well settled that these charges and specifications need not be drawn with the precision of an indictment.

"Nothing in the proceedings leads us to infer that the relator was in the least taken by surprise, or that he was made to answer for an offense which had not been sufficiently set forth to let him know in what consisted the accusation."

The district judge set aside the dismissal of this plaintiff, directing only a suspension of the employee, under the authority of the general provisions of paragraph 30 (Article XIV, Section 15.1 of the Louisiana Constitution, as amended) which recite in part:

"30. Corrective and Disciplinary Action for Maintaining Standards of Service.

"a. The tenure of persons who have been regularly and permanently inducted into positions of the classified service shall be during good behavior. However, the appointing authority may remove any employee from the service, or take such disciplinary action as the circumstances warrant in the manner provided below for any one of the following reasons:

\* \* \* \* \* \*

"(15) Any other act or failure to act which the board deems sufficient to show the offender to be an unsuitable or unfit person to be employed in the respective service.

"b. Unless the cause or condition justifies an employee being permanently removed from the service, disciplinary action may extend to suspension without pay \* \* \* reduction or demotion to a position of any lower class and to the rate of pay prevailing therefor, or such other less drastic action that may be appropriate under the circumstances. \* \* \*"

In so ruling the judge remarked: "The most I can get out of a careful study of the evidence in this case is that Mr. Marchiafava was guilty of just about the minimum amount of political activity that could be possible. He was not in uniform at the time in question and was not on duty as a patrolman. He wore the ribbon with the candidate's name on it and may have handed out a few campaign cards over a period not exceeding two hours, and it was probably not over half that time. He should not have done what he did at that polling place on that day. What he did does amount to some political activity even though to a very small and limited extent. Some disciplinary action must be given him.

What that measure of punishment should be is within the sound discretion of the Baton Rouge Municipal Fire and Police Civil Service Board, but I certainly do not agree or believe that he should be permanently discharged from the service. In my opinion and belief, the gravity of the violation does not call for the maximum penalty. * * *"

* * * * * *

"I do not for one moment question the good faith and fairmindedness of Chief Arrighi and the Board in this matter, but I think both Chief Arrighi and the Board have been misled into believing that the only provision of the law regarding the offense of political activity by a member of the classified service is paragraph 34 of said Section 15.1 of Article 14, and that they have been misled into believing that they were compelled by the law to act under that provision alone, which carries with it an arbitrary discharge from the service of any employee who engages in any political activity whatsoever regardless of how slight the activity. * * *

* * * * * *

"I agree that appellant was guilty of poliitcal activity, but I do not agree that what he did was *just cause* for his dismissal from the service."

Indisputably, plaintiff was guilty of the charged political activity. This being true it would seem that this matter is governed exclusively by the following specific provisions contained in paragraph 34 of the mentioned Civil Service Law.

"34. Political Activities Prohibited.

"a. Political activities by and extending to employees of the classified service are hereby prohibited as follows:

* * * * * *

"(4) No employee in the classified service shall * * * (e) take any part in the management or affairs of any political party or in the political campaign of any candidate for public office, except to privately express his opinion and to cast his vote.

* * * * * *

"b. The appointing authority shall discharge from the service any employee whom he deems guilty of violating any one or more of the provisions of this Section. * * * If the board should find upon its investigation of any employee that he has violated any of the foregoing provisions, the board shall order the appointing authority to forthwith discharge the guilty employee from the service and the appointing authority shall forthwith discharge the employee."

But even assuming that the charge against plaintiff might be considered in the light of the above quoted general provisions of paragraph 30 (which authorize either dismissal or suspension of the employee) unquestionably the district court was without

authority to substitute, as it did, its judgment for that of the Board (changing the punishment meted out from dismissal to suspension). Paragraph 31 of the Civil Service Law provides: "Any employee under classified service and any appointing authority may appeal from any decision of the board, or from any action taken by the board under the provisions of the Section which is prejudicial to the employee or appointing authority. * * * This hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Section. No appeal to the court shall be taken except upon these grounds."

 In this instance the Board had the right to affirm the governing authority's dismissal of plaintiff; and clearly, in so ruling, it acted "in good faith for cause" (just as the district judge found). Whether such cause was sufficient to justify the dismissal was a question determinable by the Board—not, according to the provisions of paragraph 31, by the court.

Since we have concluded that the district court exceeded its authority in setting aside the dismissal ruling of the Board a consideration of the latter's exception to the jurisdiction ratione materiae is unnecessary.

For the reasons assigned the alternative writs granted herein are made peremptory, and it is now ordered, adjudged and decreed that the judgment of the district court be reversed and set aside and that the ruling of the Baton Rouge Municipal Fire and Police Civil Service Board be reinstated.