McCALEB, Justice.
 

 This case concerns the dismissal of relator, Guy S. Hays, a classified Civil Service employee, from his position of “Wildlife Agent I” with the Louisiana Wildlife and Fisheries Commission. The dismissal came as an aftermath of our decision in Reed v. Louisiana Wildlife & Fisheries Commission, 235 La. 124, 102 So.2d 869, wherein a ruling of the Louisiana Civil Service Commission, approving Reed’s dismissal as a Ranger in the Enforcement Division of the Department of Wildlife & Fisheries (hereinafter referred to as the Department) on the ground that he had collected expense items from the Department, after he had previously been paid for such items by the Federal Government, was affirmed by this
 
 *281
 
 Court. In that matter, Reed had subpoenaed several fellow-employees who gave testimony to the effect that double collection for mileage expense was customary in the Department and that they had occasionally listed similar items on their expense accounts and received reimbursement therefor, which they considered as extra pay or a bonus. Our review of this testimony prompted us to remark in the course of the opinion that it was strange that removal action had not been taken “ * * * against the other employees who committed misdeeds like that of plaintiff.”
 

 Following the finality of the Reed decision, action was taken by the Department against some of the employees who had testified to the practice of collecting mileage expenses from the State after they had collected for such mileage from the Federal Government. Under date of July 25, 1958, the Director addressed to relator a letter informing him of the termination of his services as Wildlife Agent, effective July 31, 1958. The letter recites, in substance, that relator, as a witness on behalf of Carl L. Reed before the Civil Service Commission, had testified that he had, on occasion, turned in expense mileage on his expense account to the Department and had collected for such mileage expense after he had already been paid therefor by the Federal authorities. After quoting the testimony given by relator to this effect in the Reed case, the letter concluded as follows:
 

 “In view of the fact that you testified, under oath, as aforesaid, that you submitted false expense accounts to the Louisiana Wild Life & Fisheries Commission and received payments thereunder in connection with your appearance or appearances as a witness in the Federal Courts of this State and for which you were paid mileage and subsistence by the U. S. Marshal, and which mileage and subsistence was included in the expense account or accounts, submitted to this Commission and received payment thereof; therefore, and the fact that you signed said expense account, or accounts, signifying that said account, or accounts, were justly due to you, such action on your part constitutes cause for your immediate removal as a Wild Life Agent I of this Commission, and therefore, your services as such will be terminated at the close of business July 31, 1958, after which time you will no longer be in the employ of this Commission.”
 

 Relator timely appealed from his dismissal to the Civil Service Commission on the grounds that the notice of dismissal was insufficient under the Commission’s Rule 12.3 and that it stated no legal cause for the action taken. At the Commission’s hearing, relator’s main contention was that his dismissal was illegal because he was dis
 
 *283
 
 charged for testifying at a previous hearing before the Commission, in violation of Civil Service Rule 13.25(b). The Rule provides:
 

 “Any officer or employee required to testify as herein authorized
 
 shall not be subjected to any disciplinary action
 
 by his appointing authority
 
 because of his giving such
 
 testimony(Emphasis ours.)
 

 Alternatively, relator asserted that, should the Commission conclude that he was not dismissed for testifying in violation of said Rule and concluded instead that he was dismissed for committing the offenses admitted in his testimony in the Reed case, his dismissal was, nevertheless, illegal because the notice of removal did not comply with Civil Service Rule 12.3 in that the nqtice failed to state detailed reasons for the action taken by the appointing authority and failed specifically to apprise relator of the dates upon and the manner in which the alleged offenses were committed.
 

 At the trial before the Commission, relator testified at length that the evidence he had given in the Reed case was erroneous and that, as a matter of fact, he had never received, payment from both the Federal authorities and the Department for automobile expenses incurred for
 
 .attendanceyoi
 
 trials in the Federal courts.
 

 :The Department did not elicit any factual evidence to' show- that- relator- had received double payment of expenses on a specific occasion and relied exclusively upon his testimony in the Reed case to sustain the dismissal.
 

 The Commission upheld the Department on the .facts, being of the opinion that relator’s testimony in the Reed case was more credible than his evidence in the instant matter. And it further ruled that relator’s objection that the introduction and use of his prior testimony against him was violative of Civil Service Rule 13.25(b) was not well taken. The Commission stated that the purpose of the Rule was to protect an employee from disciplinary action “ * *
 
 *■
 
 based solely on the fact that he testified” and that it was never intended to shield an employee from disciplinary action “ * * * based on the content of his testimony.”' The Commission made no specific ruling anent relator’s alternative contention that the notice of removal did not comply with Civil Service Rule 12.3, in that it did not provide detailed reasons for the appointing authority’s action, so it must be assumed that it thought the notice was sufficient.
 

 From the adverse decision relator appealed to the Court of Appeal, First Circuit, where he re-urged the contentions made before the Civil Service Commission and, in addition, requested that the case be remanded -for the purpose of permitting him to introduce evidence, which the Commis•sion rejected, to show that his dismissal: resulted, -from political discrimination. ■
 

 
 *285
 
 The Court of Appeal sustained relator’s initial contention and resolved that Rule 13.25(b) barred his discharge as it was founded solely on his testimony given at a hearing before the Commission in which he was summoned as a witness. The Court construed the rule as vouchsafing to employees testifying before the
 
 Commission
 
 that their evidence would not be later used against them for disciplinary action of any sort and concluded that relator’s testimony in the Reed case “ * * * may not be used in evidence against him except for perjury in the giving thereof, and that his dismissal founded entirely upon such inadmissible evidence was unauthorized.” See Hays v. Wild Life
 
 &
 
 Fisheries Commission, La.App., 136 So.2d 559. Accordingly, the judgment of the Commission was reversed and relator ordered reinstated. On the Department’s application, we granted certiorari.
 

 We are not in agreement with the view of the Court of Appeal that Rule 13.-25(b) protects the employee from disciplinary action based on prior testimony given before the Civil Service Commission. The State Civil Service law, Section 15(P) (1) of Article 14 of the Constitution, LSA, provides that civil service employees who refuse to testify before the Commission on the ground that their evidence would tend to incriminate them, shall forfeit their office. Hence, the obvious purpose of Civil Service Rule 13.25(b) was, to afford, some measure of protection from disciplinary action to those employees required to testify under, penalty of forfeiture of their.; positions, However, the Rule is clear and .explicit; it states
 
 in no
 
 uncertain
 
 terms
 
 that the employee required to testify shall not be subjected to any disciplinary action “ * * * because of his giving such testimony.”. -So, as stated by the Civil Service Commission, this does not purport to ban disciplinary action based on the
 
 content
 
 of the testimony but only precludes the employee from being
 
 subjected
 
 to such action based .on the employee’s
 
 giving
 
 of said testimony. In other words, if the employee testifies that he has been guilty of absenteeism, or has . stolen property of the State, or has committed acts for which disciplinary action would be warranted, he is exempted from-such disciplinary action when it is based exclusively on the circumstance that he testified that he committed such acts, but the Rule does not bar the appointing authority from disci7 plining him for the
 
 acts
 
 committed by him just because he previously admitted that he committed them while testifying before the Commission. In fine, as applied to this case, the rule protects relator from being discharged merely because he admitted he did what Reed did but not because he did what Reed did.
 

 An examination of the.yecitals.of th,e let7 ter of dismissal addressed, to relator by the Director of the Department makes it ex
 
 *287
 
 ceedingly doubtful that the cause of dismissal “expressed in writing” (which is made essential to the legality of such dismissal as provided by Section 15 (N) (1) of Article 14 of the Constitution) was based on the fact that relator had committed misdeeds. Rather, it appears that the action was pitched on the ground that relator had admitted under oath before the Commission that he had committed acts similar to those for which Reed was dismissed. As we have stated above, the letter of dismissal—after reciting that Reed had been discharged for collecting mileage expense from the Department after he had been reimbursed by the Federal authorities; that relator appeared as a witness in the case before the Civil Service Commission and testified that he had occasionally done the same thing for which Reed had been removed; that the Civil Service Commission had dismissed Reed’s appeal and that this Court had affirmed the dismissal with the observation that it was strange that action had not been taken agaifist the other employees who had testified to similar misdeeds—concludes with the declaration “In view of
 
 the fact
 
 that you testified, under oath, as aforesaid * * * ” that false expense accounts were submitted by relator and that he “ * * * received payment thereof;
 
 therefore,
 
 and the fact that you signed said expense account, or accounts, signifying that said account, or accounts were justly due to you, such
 
 action
 
 on your part constitutes cause for your immediate dismissal * * *
 

 It is thus manifest that the primary cause of dismissal was “ * * *
 
 the fact
 
 that you testified, under oath, as aforesaid * * * ” and this brings the case squarely within the protective provisions of Civil Service Rule 13.25(b). While it is true that the following clause in the letter of dismissal, declaring “ * * * therefore, and the fact that you signed said expense account * * * signifying that said account, or accounts were justly due to you * * * may be construed as a statement that the cause for removal was for the signing of expense accounts signifying that the amount or amounts claimed were justly due to relator, as well as his testimony admitting dual payments, it is difficult to conclude, due to the inartistic way the language is couched, whether the framer of the letter intended that relator was being dismissed exclusively because of his admissions under oath or because of such admissions and also because he had signed expense accounts signifying that the accounts were justly due. If we assume that the latter was intended (an assumption most favorable to the position of the Department), the letter of dismissal would still be insufficient to comply with Civil Service Rule 12.3 declaring, in substance, that in every case of removal of a permanent employee for cause, the appoint
 
 *289
 
 ing authority shall furnish to the employee “* * * a statement in writing giving
 
 detailed
 
 reasons for such action.”
 

 Viewing the letter of dismissal as a whole it is obvious, as we have heretofore observed, that the principal cause of dismissal was based on the fact that relator had given testimony against himself which showed acts warranting disciplinary action. And, if the cause for removal was also grounded on the basis that relator had signed false expense accounts, the recitals relative to that reason did not substantially comply with Civil Service Rule 12.3. The requirement of this rule that
 
 detailed reasons
 
 be stated for the action taken plainly comprehends a fair and clear statement of the misconduct of the employee including, whenever pertinent, time, dates, places and amounts, if, as in this case, monies are alleged to have been unjustly secured and misappropriated. This is necessarily so, since, under Section 15 (N) (1) (a) of Article 14 of the Constitution, the employee appealing from the disciplinary action has the burden of disproving the facts stated in the letter of dismissal as grounds for the employing authority’s action. Unless, then, the facts are detailed, as required by Rule 12.3, the employee would have little chance on appeal to carry the burden, even though he might have a valid defense to the action.
 

 For the foregoing reasons, the judgment of the Court of Appeal is affirmed.