283 So.2d 298 (1973)
George B. HOOVER
v.
DEPARTMENT OF FINANCE.
No. 5503.
Court of Appeal of Louisiana, Fourth Circuit.
September 26, 1973.
*299 Trudy H. Oppenheim, New Orleans, for appellant.
Blake G. Arata, City Atty., Leo W. Rousselle, Michael A. Starks, Asst. City Attys., for appellee.
Before STOULIG, SCHOTT and BAILES, JJ.
BAILES, Judge.
This is an appeal by George B. Hoover from the ruling of the Civil Service Commission of the City of New Orleans affirming the appointing authority's, the Department of Finance of the City of New Orleans, dismissal of appellant. We find no error in the holding of the Civil Service Commission. The judgment appealed is affirmed.
The appellant, George B. Hoover, was a permanent employee serving as a Computer Programmer III with the Bureau of Electronic Data Processing of the Department of Finance of the City of New Orleans. On March 5, 1971, his employment was terminated by letter of the appointing authority, the Director of the Department of Finance.
After hearing the appeal of the employee, Mr. George B. Hoover, the Civil Service Commission made the following finding:
"* * *
"Considering the testimony adduced at the trial, the Commission is of the opinion and so finds that the appellant has not borne the burden of proving that the action taken by the Appointing Authority herein was discriminatory, arbitrary or capricious.

"FINDINGS OF FACT
"1. The appellant was employed by the City in 1963 and transferred to the Department of Finance, Bureau of Electronic Data Processing in 1967 as a Systems Analyst II and subsequently reassigned therein to a less sophisticated job that of Programmer III in 1970.
"2. Appellant received an unsatisfactory service rating on August 28, 1970.

*300 "3. Certain work programs and assignments of appellant were performed defectively or inadequately albeit to the best of his ability, but nonetheless causing delays and additional cost to the Appointing Authority.
"4. Appellant made extensive use of sick leave for personal reasons.
"5. The Appointing Authority's letter of dismissal was sufficient to inform appellant of the reasons for his dismissal.
"6. Appellant did not show that the disciplinary action of the Appointing Authority was discriminatory, arbitrary or capricious, and has failed to carry the burden of proof imposed by law upon him.
"The appeal is dismissed."
The basic issues involved in this case are two: (1) Did the letter of dismissal sent by the appointing authority satisfy the requirements of a full description of the acts complained of; (2) Did appellant's acts as shown in the record constitute legal cause for dismissal.
Our courts have held that an employee is entitled to a full description of the acts complained of. This description must set forth the date, places and names of witnesses which would enable the employee to be fully informed of the charges and thereby be able to answer and prepare his defense. Robbins v. New Orleans Public Library, 208 So.2d 25 (La.App. 4th Cir. 1968).
In Hays v. Louisiana Wild Life and Fisheries Commission, 243 La. 278, 143 So.2d 71 (1962) the court set out the reasons behind the requirement of a full description:
"The requirement of this rule that detailed reasons be stated for the action taken plainly comprehends a fair and clear statement of the misconduct of the employee including, whenever pertinent, time, dates, places * * *. This is necessarily so, since, under Section 15(N)(1)(a) of Article 14 of the Constitution, the employee appealing from the disciplinary action has the burden of disproving the facts stated in the letter of dismissal as grounds for the employing authority's action. Unless, then, the facts are detailed, as required by Rule 12.3, the employee would have little chance on appeal to carry the burden, even though he might have a valid defense to the action."
The dismissal letter in this case, we feel met the constitutional requirements. The letter sets forth the dates involved, the specific programs in which problems arose and the names of the persons involved. Appellant was fully informed as to the acts which precipitated his dismissal.
It is well settled in cases of this kind that the appellate courts are limited to questions of law and decisions of the Commission are final on the facts. See Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962) where it says:
"Under the Constitution of this state, Article 14, Section 15(O)(1), the decision of the Civil Service Commission is final on the facts, and appeals may be granted to the courts on questions of law alone. Under this mandate it is the duty of the courts to accept the findings of fact made by the commission and to determine whether under such facts there exists legal cause for disciplinary action, for the Constitution, Article 14, Section 15(N)(1), also provides that no person in the classified service who has acquired permanent civil service status shall be demoted, dismissed, or discriminated against except for cause expressed in writing by the appointing authority.
"Under these provisions of the Constitution the courts may not inquire into the sufficiency of the evidence to ascertain whether the commission was correct in its finding of fact, and if there is any *301 evidence to support its finding of fact, such finding may not be disturbed. Consequently if the facts found by the commission disclose legal cause for disciplinary action, there is nothing for the courts to review." (Emphasis added)
In the instant case a review of the record convinces us that there was evidence to support the Commission's finding that appellant's work was defective and inadequate and that appellant made use of sick leave for personal reasons.
In each year that appellant was in charge of the Personal Property Auto Tax Assessment System, major errors were discovered. In 1971 there were over 3,100 duplicate assessments which had to be corrected before the tax bills could be sent out. Other errors, which appellant admitted he should have found, but didn't, were also pointed out to the Commission by the appointing authority's witnesses. Appellant's own expertwitness, after only a "quick" review of the Auto Tax System, pointed out several errors that should have been corrected by appellant. The record reveals that appellant's programs were not properly documented, thus causing a great deal of difficulty for the production staff whose job it was to run these programs.
Appellant's entire leave record was before the Commission and much testimony was taken concerning this point. Appellant testified that he never used sick leave unless he was genuinely sick but admitted to having certain personal problems which caused him to be absent from work. With the courts' limited review of factual findings, we can not say that there was no evidence in the record to sustain this finding.
The only question remaining is whether or not these findings establish a legal cause for disciplinary action.
As defined by our Supreme Court, "legal cause for disciplinary action" requires that the actions of the employee impair the efficiency of the public service. There must also be, "a real and substantial relation between the conduct of the employee and the efficient operation of the public service." Without these requirements being met, disciplinary actions by the appointing authority becomes arbitrary and capricious. Leggett v. Northwestern State College, supra; Robbins v. New Orleans Public Library, supra; and Brickman v. New Orleans Aviation Board, 236 La. 143, 107 So.2d 422 (1958).
The Commission found that there was a substantial relation between appellant's conduct and the efficient operation of the public service and that appellant's conduct was prejudicial to the service. Again our review of that finding is limited to whether there was any evidence in the record to support such a finding.
We think the record is clear that appellant's conduct had an adverse effect on the efficient workings of the Department of Finance. Appellant's programs were found to have major errors in them and were difficult to run because of lack of proper documentation.
Having found that appellant's conduct impaired the public service, we deem it unnecessary to rule on the other specifications of error namely: that the Commission erred in finding that the transfer from Systems Analyst II to Programmer III was a re-assignment to a less sophisticated job; and that appellant received an unsatisfactory rating on August 28, 1970.
For these reasons, the ruling of the Civil Service Commission upholding the dismissal of appellant, George B. Hoover, is affirmed, at his costs.
Affirmed.