344 So.2d 1121 (1977)
Gerald R. PATRICK, Plaintiff-Appellant,
v.
LAKE CHARLES MUNICIPAL FIRE & POLICE CIVIL SERVICE BOARD, Defendant-Appellee.
No. 5871.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1977.
Russell T. Tritico, Lake Charles, for plaintiff-appellant.
Peter A. Ciambotti, Plauche, Smith & Hebert by Allen L. Smith, Jr., Lake Charles, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and ROGERS, JJ.
ROGERS, Judge.
This is an appeal by Sergeant Gerald R. Patrick from the judgment of the District Court which affirmed in part and reversed in part the decision of the Lake Charles Municipal Fire and Police Civil Service Board, which in turn upheld the action of the appointing authority's demotion of appellant to the rank of Sergeant.
The District Judge rendered written reasons for Judgment summarizing the litigation as follows:
*1122 "This is an appeal by Sgt. Gerald R. Patrick from a decision of the Lake Charles Municipal Fire and Police Civil Service Board approving the appointing authority's demotion of appellant to the rank of sergeant. It and the appeal to the board were taken under Article 14, Section 15.1, Subsection 31 of the Louisiana Constitution of 1921, dealing with fire and police civil service, the entire Section 15.1 of Article 14 having been continued in effect as a statute by Article 10, Section 18 of the 1974 Louisiana Constitution.
"The appellant has been a permanent employee of the Lake Charles Police Department for about 17½ years. At the time such disciplinary action was taken he held the rank of temporary captain (permanent rank of lieutenant) and in only a short time would have been eligible for certification as a permanent captain.
"Through a memorandum dated January 6, 1976, Sgt. Patrick was notified by the Chief of Police, Jimmy L. Gwatney, that he would not certify him a captain, but instead on that day was demoting appellant to the rank of sergeant. Chief Gwatney set forth in the memo as reasons for such action the following violations of the department's rule and regulations:
"# 1: Section 3, Paragraph 340.23 No unauthorized persons will go into the supply room or the records room. Unauthorized persons will transact, business at the counter.
"You violated this rule and regulation on December 18, 1975, by allowing an unauthorized person to enter the supply room.
"# 2: Section 3, Paragraph 310.06 Cooperation Cooperation between the rank and units of the Department is essential to effective law enforcement. Therefore, all members are strictly charged with establishing and maintaining a high spirit of cooperation within the Department.
"You violated this rule and regulation on January 1, 1976, by refusing to cooperate with Captain Donald Schopen in obtaining a vehicle which was needed on his shift for effective patrol of the City.
"# 3: Section 3, Paragraph 310.24. Conduct Toward Superior and Subordinate Officers and Associates. Members and employees shall treat superior officers, subordinates and associates with respect. They shall be courteous and civil at all times in their relationships with one another when on duty and particularly in the presence of other members, employees or the public, officers shall be referred to by rank.
"You violated these rules and regulations on December 18, 1975, by criticizing Major Frank L. Landry on the replacement of a radio in LC-21 and by showing disrespect to him by referring to him as `that damned stupid yankee' in front of subordinate officers and employees.
"# 4: Section 3, Paragraph 310.06 Cooperation Cooperation between the ranks and units of the Department is essential to effective law enforcement. Therefore, all members are strictly charged with establishing and maintaining a high spirit of cooperation within the Department.
"You violated this regulation by refusing to honor a request from Officer Hancel Hedrick for a unit to follow up a hit and run investigation knowing full well that you had a unit available for his use.
"This appeal involves two principal issues: (1) Did the letter of demotion sent by the appointing authority sufficiently describe the misconduct complained of? (2) Did appellant's acts as shown in the record constitute legal cause for demotion?

"I.
"Article 14, Section 15.1, Sub Section 30(d) provides:
"`In every case of corrective or disciplinary action taken against a regular employee of the classified service, the appointing authority shall furnish the employee and the board a statement in writing of the action and the complete reasons therefor.'
"In regard to the adequacy of the written notice of dismissal given a police officer in a similar proceedings, the Louisiana Supreme Court, in Marchiafava vs. Baton Rouge F. & P.S. Bd., 233 La. 17, 96 So.2d 26 *1123 (1957), quoted the following from State, ex rel. Perez vs. Whitaker, 116 La. 947, 41 So. 218, 220:
"`The relator complains of the charges and specifications as not sufficiently indicative of the offense, also as not being sufficiently definite as to date.
"`It is well settled that these charges and specifications need not be drawn with the precision of an indictment.
"`Nothing in the proceedings leads us to infer that the relator was in the least taken by surprise, or that he was made to answer for an offense which had not been sufficiently set forth to let him know in what consisted the accusation.'
"However, in Hays vs. Louisiana Wildlife & Fisheries Commission, 243 La. 278, 143 So.2d 71, 74 (1962), which involved a somewhat similar constitutional provision applicable to State Civil Service, the Court declared:
"`The requirement of this rule that detailed reasons be stated for the action taken plainly comprehends a fair and clear statement of the misconduct of the employee including, whenever pertinent, time, dates, places and amounts, if, as in this case, monies are alleged to have been unjustly secured and misappropriated. This is necessarily so, since, under Section 15(N)(1)(a) of Article 14 of the Constitution, the employee appealing from the disciplinary action has the burden of disproving the facts stated in the letter of dismissal as grounds for the employing authority's action. Unless, then, the facts are detailed, as required by Rule 12.3, the employee would have little chance on appeal to carry the burden, even though he might have a valid defense to the action.'
"In subsequent decisions our Courts of appeal have consistently followed Hays on the degree of specificity necessary to apprise the disciplined employee of the nature of the charges against him. Robbins vs. New Orleans Public Library, 208 So.2d 25 (La.App. 4th Cir. 1968); Hoover vs. Department of Finance, 283 So.2d 298 (La.App. 4th Cir. 1973); Major vs. Louisiana Department of Highways, 333 So.2d 316 (La.App. 1st Cir. 1976).
"Although the matter is not free of all doubt, particularly in this case since it appears that the appellant was actually apprised of the particulars of the charges and the witnesses against him prior to the board hearing, this court believes that the rule of law quoted above from Hays is applicable to disciplinary action involving the fire and police as well as employees in state and municipal civil service.
"Applying Hays to the case at hand, the court concludes that the first charge against the appellant in the letter of demotion fails to meet the required degree of specificity. Although Sgt. Patrick was given the rule and regulation he allegedly violated (Section 3, Paragraph 340.23) and the date of such violation, he was not given the name of the unauthorized person he allowed in the supply room. The name of such person would seem to be essential for the appellant to defend the charge against him.
"The fourth charge also fails to meet the Hays requirements. Again the appellant was given the rule and regulation claimed to have been violated (Section 3, Paragraph 310.06), the person involved and the action which caused the charge, but the appellant was not given the date the violation allegedly occurred. The date would be necessary to allow the appellant to prepare his defense to the charge lodged against him.
"The second charge sets out the particular rule and regulation violated (Section 3, Paragraph 310.6), the date of the violation (January 1, 1976), the person involved (Captain Donald Schopen), and the action of the appellant which constituted the violation (namely, refusing to cooperate with Captain Schopen in obtaining a vehicle necessary for his shift). Thus, it is sufficient.
"The third charge also meets the required degree of specificity as set forth in Hays. It specifically mentioned the rule and regulation violation (Section 3, Paragraph 310.24 and Paragraph 310.46), the date such occurred (December 18, 1975), the person criticized (Major Frank L. Landry), and the *1124 comment made by the appellant (`that damned stupid yankee').
"In summary, although two of the charges failed to meet the specificity required by law, the other two charges adequately notified appellant of the reasons for the disciplinary action of the appointing authority.

"II.
"The second issue is whether or not the appellant's actions with respect to the second and third charges constituted legal cause for demotion.
"Article 14, Section 15.1, Subsection 31 of the 1921 Louisiana Constitution provides as follows in regard to appeals of this nature to the court:
"`This hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Section.'
"Construing a similar constitutional provision relating to state civil service, our supreme court in Leggett vs. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962) stated:
"`Legal cause for disciplinary action exists if the facts found by the commission disclose that the conduct of the employee impairs the efficiency of the public service. Of course there must be a real and substantial relation between the conduct of the employee and the efficient operation of the public service; otherwise legal cause is not present, and any disciplinary action by the commission is arbitrary and capricious.
"`It is the duty and function of the commission to determine from the facts whether there exists a substantial relation between the employee's conduct and the efficient operation of the public service, and it is well settled in the jurisprudence that in civil service cases if there is any evidence before the commission showing that the employee's conduct is prejudicial to the service, its ruling will not be disturbed.'
"Later cases following Leggett are: Foster vs. Department of Public Welfare, 159 So.2d 515 (La.App. 1st Cir. 1963); Johnson vs. State Parks and Recreation Commission, 193 [198] So.2d 180 (La.App. 1st Cir. 1967); Robbins vs. New Orleans Public Library, 208 So.2d 25 (La.App. 4th Cir. 1968); Hoover vs. Department of Finance, 283 So.2d 298 (La.App. 4th Cir. 1973).
"From its review of the transcript this court is convinced there is ample evidence to sustain the board's decision that appellant committed the violations set forth in charges two and three. The record also shows that there is a real and substantial relationship between the conduct of the appellant and the efficient operation of the Lake Charles Police Department and the efficiency of the public service has been impaired thereby. In conclusion, the court finds that the decision of the board was made in good faith and for legal cause, and it will be affirmed.
"A formal decree in accordance with these reasons for judgment will be read and signed upon presentation.
"Lake Charles, Louisiana, October 15, 1976."
The appellant urges the following specification of errors:
1. The trial judge erred in concluding that there was a real and substantial relationship between the conduct of the appellant and the efficient operation of the Lake Charles Police Department and that the efficiency of that department had been impaired;
2. The trial court erred in failing to commute or reduce the penalty imposed by the Municipal Fire and Police and Civil Service Board in view of its holding that only two of the four charges were valid, resulting in a penalty too harsh for the violations.
We agree with the trial court that there is sufficient evidence in the record to sustain the board's decision that appellant committed the violations set forth in charges two and three. We likewise agree that there is nothing in the record which would even suggest that the board acted other than in the utmost good faith. The *1125 crucial issue is whether or not the conduct of Sergeant Patrick impaired the efficiency of the public service.
There is evidence in the record from which the board could conclude that a substantial relationship existed between Sergeant Patrick's conduct and the efficient operation of the Lake Charles Police Department, although we admit that such evidence is not overwhelming. Be that as it may, in matters of this kind we are compelled to follow the guidelines enunciated by the Louisiana Supreme Court in Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962), to the effect that if there is any evidence before the commission or board from which a conclusion can be drawn that the employee's conduct is prejudicial to the service, the commission's ruling should not be disturbed. (See also Bland v. City of Houma, 264 So.2d 729 (La.App. 1st Cir. 1972), writs refused Sept. 29, 1972, and Milam v. Municipal Fire and Police Civil Service Board of DeRidder, 253 La. 218, 217 So.2d 377 (1968). Accordingly, we find, as did the trial court, that the board acted in good faith and for legal cause.
With regard to appellant's second specification of error, i.e., that the penalty imposed should be reduced considering that only two of the four charges were valid, suffice it to say that in the imposition of penalties we are not permitted to substitute our judgment for that of the board. Marchiafava v. Baton Rouge Fire and Police Civil Service Board, 233 La. 17, 96 So.2d 26 (1957).
The judgment of the trial court is affirmed. All costs are assessed against the appellant.
AFFIRMED.