STOKER, Judge.
Jack Piirainen, Jr., a former police officer of the Lake Charles Police Department, appeals his dismissal from that department. The dismissal was upheld by the local Civil Service Board and the District Court. We affirm.
FACTS
On February 8, 1982, Mr. Piirainen became involved in a fight at a bar in Lake Charles. He was off duty at the time and had consumed four to six beers. The fight broke out in the upstairs part of the bar and apparently involved ten to twenty patrons and bar security. Mr. Piirainen headed up the stairs to help break up the fight and, according to his testimony, was grabbed by Boyd Miles who began to hit him. There are conflicting accounts of the fight and Mr. Piirainen’s involvement in it. Some witnesses testified that Mr. Piirainen punched Mr. Miles in the face on the stairs.
Uniformed officers finally arrived on the scene and began to make arrests. Two or three officers were struggling with Boyd Miles, trying to handcuff him and place him in the patrol car. Mr. Piirainen approached the group and said, “That’s the m_ f_ that hit me in the mouth. Make sure he goes to jail.” Mr. Piirainen claims that the officers were still wrestling with Mr. Miles and he tried to help. The officers on the scene claim that Mr. Miles had calmed down until Mr. Piirainen approached and made his comment. Lt. Johnson ordered Mr. Piirainen away, and the arrests were completed. According to the police officers present, Mr. Piirainen’s actions aggravated the situation, almost causing the brawl to begin again.
The letter of termination signed by the Mayor of Lake Charles details the events of February 8, and quotes numerous regulations alleged to have been violated by Mr. Piirainen. We note that Mr. Piirainen admits that he had been drinking, that he became involved in the brawl without identifying himself as a police officer, and that he made the comment quoted above which was directed at Boyd Miles. The letter of termination has a postscript which reads, “In imposing this disciplinary action I’ve taken into consideration prior disciplinary action taken against you.”
The hearing before the Civil Service Board was first scheduled for July 15, 1982, but was continued until September 16, 1982, at which time Mr. Piirainen filed an exception to the lack of specificity as to the prior disciplinary actions mentioned in the postscript. At some point before the *988 hearing in September, the mayor sent a letter to the board which purportedly gave the specific prior disciplinary actions referred to in the postscript. At the hearing, counsel for Mr. Piirainen successfully objected to the board’s consideration of this letter, and the board proceeded hearing testimony only in relation to the events of February 8, 1982. The board specifically found that Mr. Piirainen’s actions on February 8, 1982 justified the termination.
In support of his claim that the disciplinary action was not taken in good faith for cause, Mr. Piirainen makes the following arguments:
1. The letter of termination lacked specificity in regard to the prior disciplinary actions considered by the mayor in his decision.
2. Mr. Piirainen should have been allowed access to personnel records of other officers to demonstrate an inconsistent pattern of punishment and lack of good faith on the part of the mayor.
3. The punishment imposed was unreasonable.
4. The city prosecutor should have been questioned under oath as to why those persons arrested on February 8, 1982, had not yet gone to trial.
We note at the outset that our review is limited to a determination as to whether the board acted in good faith for cause. LSA-R.S. 33:2501. The board’s fact-findings will not be reversed unless they are clearly wrong.
SPECIFICATION OF CHARGES
Mr. Piirainen’s complaints on the matter of specificity are directed solely at the postscript to the letter of termination which refers to prior disciplinary action. We agree with the finding of the district court that this argument must fall because it is clear that the board did not consider any prior disciplinary action against Mr. Piirainen, but upheld the action based solely on the events of February 8,1982. Even though the board was aware that there had been prior disciplinary action against Mr. Piirainen, there is no evidence that such action was considered by the board in reaching its decision. See Timmons v. Municipal Fire and Police Civil Service Board of the City of Bogalusa, 395 So.2d 1372 (La.App. 1st Cir.1981), writ denied 401 So.2d 358 (La.1981).
We also agree with the district court in its statement that the board could have properly allowed the mayor to supplement his original letter of termination to comply with the requirement that all charges be specific. See Powell v. City of Winnfield Fire and Police Civil Service Board, 370 So.2d 109 (La.App. 2d Cir.1979). However, counsel for appellant successfully objected to the supplementation, and he cannot now argue the specificity of matters which were clearly not considered by the board.
ACCESS TO PERSONNEL RECORDS
Mr. Piirainen sought and was denied access to the personnel records of other police officers which he claims would show that his termination was the result of bias and a lack of good faith. He maintains that this action was based not only on the events of February 8, but on other unspecified incidents, and he claims that the requested personnel records would show the punishment he received was inconsistent with punishment dealt other officers. As previously stated, we are convinced that the board considered only the February 8 incident in its determination that Mr. Piirainen’s discharge was justified.
Under LSA-Const. Art. 10, sec. 8, disciplinary action can be changed only if sufficient cause for the action is not shown or if the employee has been discriminated against on the basis of his political or religious beliefs, sex, or race. Apparently, Mr. Piirainen sought the personnel records in order to show he had been discriminated against. The employee has the burden of proof to show that he has been discriminated against on any of the above bases. Mr. Piirainen has made no specific allegation as *989 to the basis of his discrimination, but has made only a general claim. Since he has not alleged a basis for the discrimination, we can see no reason to allow him access to other personnel records. A demonstration that other officers received different degrees of discipline has no bearing on whether action taken against Mr. Piirainen was in good faith for cause.
REASONABLENESS OF PUNISHMENT
Although he does not concede that the action taken was not based in part on prior disciplinary action, Mr. Piirainen argues that dismissal is too severe a penalty based solely on his actions on February 8, 1982. The board and the district court found that the February 8 incident alone justified dismissal and we agree.
The specific actions which form the basis of the dismissal are Mr. Piirainen’s involvement in the brawl without identifying himself as a police officer, his use of profane language toward a member of the public, his use of physical force, his aggravation of an explosive situation, and his purported attempt to conduct police activities while drinking. Apparently the board found these allegations against Mr. Piirainen to be true and, absent manifest error, these findings will not be reversed on appeal. Department of Public Safety, Office of State Police v. Rigby, 401 So.2d 1017 (La.App. 1st Cir.1981), writ denied 406 So.2d 626 (La.1981). We find no manifest error in the fact-findings.
An individual may be subjected to disciplinary action such as dismissal if the conduct complained of impairs the efficiency of the public service and bears a real and substantial relation to efficient and orderly operation of the public service in which the employee is engaged. Department of Public Safety, Office of State Police v. Rigby, supra. Mr. Piirainen’s actions described above clearly meet the standard required for dismissal. The uniformed officers were hampered in their efforts to quell the disturbance and carry out the arrests, and Mr. Piirainen’s behavior reflected badly on the entire police department. The dismissal is not excessive under the circumstances.
QUESTIONING OF CITY PROSECUTOR
During the hearing, counsel for Mr. Piir-ainen attempted to question the city prosecutor under oath about the charges brought against the five bar patrons who were arrested after the brawl which brought about this disciplinary action. At the time of the hearing, the charges had been pending for over seven months, but the individuals had not yet been brought to trial. The board did not allow questioning of the city prosecutor, but did allow him to make a statement to the effect that the charges were still pending and he had not yet made a determination as to when he would go to trial with them. Counsel for Mr. Piirainen stated he was satisfied with the city prosecutor’s statement.
As with the personnel records previously discussed, evidence regarding these prosecutions was sought in order to show discrimination. For the same reasons set out above, we see no reason to consider such evidence since there has been no specific allegation of discrimination. In any event, the mayor was questioned extensively regarding his relationship with the young men who were arrested. While it was established that one of the young men, Walter Seacock, is a personal friend of the mayor’s son, that fact alone does not indicate any kind of discrimination. Nor does the prosecution, or lack of it, of those involved in the fight have any bearing on Mr. Piirainen’s case.
CONCLUSION
Based on the facts presented to the board and accepted by it, we agree with Mr. Piirainen’s dismissal. The action was taken in good faith for cause.
The judgment of the district court is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.