WARREN E. HOOD, Judge Pro Tem.
This is an appeal by George L. Landos, plaintiff-appellant, from the ruling of the Opelousas Municipal Civil Service Commission (hereinafter “OMCSC”), upholding the termination of his employment as General Foreman and Assistant to the Commissioner of the Street and Sanitation Department, a civil service classified position of the City of Opelousas. Landos had appealed to the OMCSC from his termination by the Mayor of the City of Opelousas.
After serving approximately two years as General Foreman, Landos was subjected to disciplinary action as a result of his arrest and indictment for theft of public property and malfeasance. The disciplinary actions to which the appellant has been subjected have varied throughout the period starting with his arrest on May 17, 1984. On May 22, 1984, five days after his arrest, the Mayor of Opelousas sent Láñe-los a letter notifying him that he was being suspended indefinitely without pay. The civil service regulation governing the City of Opelousas only permitted 30 day suspensions without pay and on June 12, 1984, the OMCSC amended Landos’ suspension to 30 days without pay. Less than a week later, the Grand Jury indicted Landos for theft of public property and malfeasance. Láñe-los was notified he was terminated by the ■City of Opelousas by letter dated June 26, 1984.
The Mayor’s decision was appealed to the OMCSC. After a hearing by the Commissioners of the OMCSC, the Mayor’s decision to terminate Landos was upheld. The plaintiff now appeals the ruling of the OMCSC.
The following is a brief chronology of the events giving rise to this suit:
*1151 5/17/84 — Arrest of Landos by Opelou-sas City Police.
5/22/84 — Letter by Mayor to Landos informing him of suspension without pay “until further notice”.
5/25/84 — Governing Authority ratifies the action of the Mayor and letter is sent that date to Landos.
6/4/84 — Notice of Appeal filed by Láñe-los.
6/12/84 — Letter from OMCSC to Landos amending suspension to 30 days without pay and informing his attorney that unless he presented other reasons of mitigation or extenuation, the OMCSC would continue the appeal process.
6/15/84 — Landos informs OMCSC he accepts 30 day suspension but does not thereby admit any misconduct.
6/18/84 — Grand Jury indicts Landos. 6/26/84 — Notice of termination from Mayor of City of Opelousas.
7/10/84 — Notice of appeal from termination.
The plaintiffs first objection was that the letters sent to him did not give sufficient notice of the grounds for suspension or termination.
The first notice sent to Landos, the letter of May 22, 1984, states, in part:
“Circumstances (surrounding your arrest by the City of Opelousas Police Department on 5/17/84, immediate release on bond, and referral by the St. Landry Parish District Attorney of the matter to the Grand Jury scheduled to meet about mid-June 1984) require your suspension from duty without pay IAW with OMCSC Rule VIII until further notice (until Governing Authority ratification of this action, probably until the Grand Jury acts, and at least until further Governing Authority action).”
Landos, through his attorney notified the OMCSC that the Civil Service Rules do not permit a suspension without pay exceeding in the aggregate of thirty working days in a period of twelve consecutive calendar months. The OMCSC by a letter dated June 12, 1984, amended the suspension to thirty working days or until further notice, whichever was earlier. This letter also stated,
For information, as required by OMCSC Rule Viii, Section 1.3, this Board and Landos were properly furnished information in writing providing the reasons for his suspension and advising him of his right and how to appeal as well as of his employment status (Mayor and May- or Pro-Tern letters to Landos of 5/22/84 and 5/28/84 and the above form approved by cognizant officials.”
Although this letter refers to a letter of 5/28/84, no such letter is in the record.
Through his attorney, Landos responded to the amended suspension of thirty days without pay and informed the OMCSC that he was accepting the amended disciplinary action and was doing so solely to avoid further controversy or expense for all concerned, but in no way was he admitting any criminal conduct or intent.
On June 26, 1984, the Mayor of Opelou-sas sent a formal letter of termination to Landos. The letter reads as follows:
“Based upon the investigation by the City of Opelousas Police Department and the St. Landry Parish Office of the District Attorney, you were arrested on 5/17/84 and placed in a leave with pay status until 5/25/84 when the Governing (Appointing) Authority directed that you be placed in a suspension without pay “indefinitely” status subsequently changed by the Municipal Civil Service Commission to suspension without pay “for thirty working days effective 5/25/84 or until further notice whichever was earlier.
“Your 5/17/84 arrest, preliminary investigation results as of that date (which established at least your commission of acts prejudicial to municipal public service and contrary to public interest or policy), and provisions of City of Opelou-sas Municipal Service Rule VIII initially required at least your suspension without pay pending completion of investigation.”
*1152 “Final investigation results, District Attorney 6/18/84 referral of the matter to the Grand Jury finding that probable cause existed for indictment on four counts of felony theft of public property and account (sic) of malfeasance, and Grand Jury referral of the matter to an appropriate court of law warranted Governing Authority reconsideration of its initial disciplinary action of your suspension without pay.
“In an official meeting held on 6/25/84, the Governing Authority ordered immediate (6/26/84) termination of your municipal employment, an action warranted by the circumstances to maintain the standards of effective service and an action based primarily on your violation of OMCSC Rule VIII, Section 1.2(c).”
The letter ended with the following paragraph:
“If you desire clarification of your termination as of 6/26/84 or your rights as provided in City of Opelousas Municipal Civil Service Rule II, you may contact the OMCSC Commission and/or its agent, the OMCSC Director of Personnel.”
Landos appealed the actions taken against him to the Opelousas Municipal Civil Service Commission. At the very beginning of the appeals hearing, Landos’ attorney timely objected to the notice given Landos as being insufficient to support termination. After the hearing, the OMCSC upheld the action of the City of Opelousas in terminating Landos.
Alleging twelve Specifications of Error, Landos has appealed the decision of the Opelousas Municipal Civil Service Commission. The errors alleged involve insufficient notice to Landos; no legal cause for termination; Landos receiving two punishments for one offense; failure of the Governing Authority to carry its burden of proof; the decision of the OMCSC being based upon improper considerations and on evidence not introduced at the hearing; and the OMCSC punishing appellant for refusing to testify at the hearing.
Since we find that one of the alleged errors is determinative of this matter, we do not pass on or further consider the other eleven specified errors. We find that the notice of termination was insufficient in that it did not give complete or detailed reasons therefor as required by law.
Curiously enough, the letter of the Commission stating its ruling after the hearing, contains the following paragraph,
“Opinion, however, is that the Governing Authority was remiss in apparently not informing Mr. Landos at the time of his termination of detailed reasons therefor.”
The Louisiana Constitution at Article 10, Section 8(A), provides:
“No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing.” [emphasis added]
The Opelousas civil service rules require in every case of disciplinary action being taken that the appointing authority immediately furnish the employee a statement in writing giving the “complete reasons” therefor.
It should be noted that in none of the three letters notifying him of disciplinary action being taken against him was he ever accused of any violation of the law or of any wrong-doing. The notice of termination only cited the Grand Jury indictments and Landos’ violation of OMCSC Rule VIII, Section 1.2(c) as reasons for his termination. Rule VIII, Section 1.2(c) gives as a general reason for corrective action the commission of any act or acts to the prejudice of the departmental service; or any act contrary to public interest or policy.
A civil service employee who has been disciplined is entitled to noti,ce of the action taken including the fact or facts which are the basis for the decision to discipline. Whether the reasons be labelled as “detailed reasons” as required in the state civil service rules, or as required here, “complete reasons”, the purpose of *1153 the requirement is not changed. Powell v. City of Winnfield Fire & Police Civil Service Board, 370 So.2d 109 (La.App. 2nd Cir.1979).
The purpose of the requirement for “detailed reasons” or “complete reasons” for the action is to give the employee a fair and clear statement of the misconduct of which he is accused including whenever pertinent, times, dates, places and amounts, if monies are alleged to have been unjustly secured and misappropriated. This standard was set forth by the Louisiana Supreme Court in Hays v. La. Wildlife and Fisheries Commission, 243 La. 278, 143 So.2d 71 (1962), and has been repeatedly applied in civil service disciplinary cases. See Patrick v. Lake Charles Municipal Fire & Police Civil Service Board, 344 So.2d 1121 (La.App. 3rd Cir.1977).
Civil Service rules such as those of the City of Opelousas often list both general and specific reasons for corrective actions. If a broad reason serves as the basis for dismissal, (as citing violation of Rule VIII, Section 1.2(c)) then the reason given in the employee’s notice should be made more specific (or detailed or complete) as to the circumstances of the employee’s misconduct. Powell, supra. Furthermore, the detailed written reasons serve a purpose of limiting any subsequent disciplinary proceedings to the ground(s) stated. Warrendorff v. Department of Safety-Fire Division, 378 So.2d 534 (La.App. 4th Cir.1979).
If timely objection is made to the sufficiency of the notice, evidence cannot be introduced which goes beyond the scope of the letter. Evidence must be limited to the detailed cause or grounds upon which the dismissal is based. Lemoine v. Department of Police, 348 So.2d 1281 (La.App. 4th Cir.1977); Piirainen v. City of Lake Charles, 450 So.2d 986 (La.App. 3rd Cir.1984); Howard v. Housing Authority of New Orleans, 457 So.2d 834 (La.App. 1st Cir.1984).
The fact of appellant’s arrest and the indictments were stipulated to. All other evidence offered by the appointing authority was timely and properly objected to by counsel. The additional evidence received by the Commission (which, at most, tended to create only a suspicion of wrongdoing), should not have been admitted. The fact of the appellant’s arrest and the indictments are not sufficient in themselves to support termination of a civil service employee. Brown v. L.H.H.R.A., 346 So.2d 758 (La.App. 1st Cir.1977). The letters to Landos refer to investigations, but no facts such as dates, places, times or description of the property involved were mentioned in the letters. Because no accusation of wrong-doing was made, no notice was given to the plaintiff-appellant as to the facts which gave rise to his arrest and indictments, and timely objection having been made, no evidence should have been admitted at the hearing as to such facts.
In Powell, supra, the written reasons for discharge given the employee only referred to the report of an investigation by the Chief of Police which revealed many instances of “neglect of duty”. The report referred to was nowhere in the record nor was the employee furnished a copy of it. The written resolution of the City Aider-men did not specify in sufficient detail the reasons for discharge as required by law. The Second Circuit Court of Appeal held that the City did not comply with the statutory requirement that complete written reasons for discharge be given to the employee. “Neglect of duty” was too broad or general and should have been made more specific by giving detailed or complete facts.
The previously cited cases of Patrick, supra, Hays, supra, and Warrendorf, supra, all concern situations wherein a civil service employee subjected to disciplinary action was not given sufficient notice of the reasons for his discipline.
For the foregoing reasons, the decision of the Opelousas Municipal Civil Service Commission upholding the termination of George Landos must be reversed. The plaintiff-appellant, George L. Landos, is ordered reinstated to his former position *1154 with back pay beginning at the end of the thirty day suspension which he had accepted.
REVERSED.