580 So.2d 471 (1991)
Nicholas HATZGIONIDIS
v.
DEPARTMENT OF POLICE.
No. 90-CA-1833.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1991.
*472 Frank G. DeSalvo, New Orleans, for plaintiff-appellant.
Brian Drew Perry, Sr., Asst. City Atty., Kathy Lee Torregano, Chief Deputy City Atty., William D. Aaron, Jr., City Atty., New Orleans, for defendant-appellee.
Before SCHOTT, C.J., and LOBRANO and WARD, JJ.
SCHOTT, Chief Judge.
This is an appeal by a New Orleans police officer from an order of the Civil Service Commission dismissing his appeal from the order of his appointing authority discharging him from the civil service.
Appellant was employed as a police officer on May 31, 1987. He was charged with violating traffic laws and police policies on March 25, 1989, by speeding in a police car which resulted in an accident causing over $4,000 of damage. He was suspended for thirty-eight days for this incident.
Because of injuries from this accident appellant was placed on limited duty. While he was in this status on July 6, 1989, his supervisor discovered that he was working a paid detail in a drug store in violation of regulations. For this he was dismissed from the service.
He took separate appeals to the Civil Service Commission from the suspension and the dismissal. The Commission consolidated them and referred the case to a Hearing Examiner. On the basis of this record, the Commission reduced the suspension to ten days and upheld the dismissal. The present appeal is only from the dismissal.
Captain Quinton of the Internal Affairs Office of the police department testified that a complaint had been made about appellant with regard to use of excessive force. Upon investigating he found that appellant was working a paid detail in a drug store. The store manager told Quinton that appellant had worked the detail on Tuesdays and Thursdays "but lately, I believe, he had just worked it on Thursdays." Quinton also interviewed a clerk who said he worked a detail there. He also checked the payroll records but found that the only day of work recorded for appellant was July 6, 1989.
Police Department regulations prohibit an officer on limited duty from working paid details and require any officer who is eligible to work a paid detail to report that he is doing so on an official form and to record it in a log book. Appellant's supervisor in charge of officers on limited duty testified that he told appellant that he was prohibited from working a paid detail and that he gave appellant a letter to this effect.
Appellant testified that he was not aware of the regulation preventing him from working a paid detail and he denied that his supervisor told him about it or handed him a letter to this effect. No such letter was placed in evidence. Appellant further testified that he had been working this paid detail before the accident which resulted in his going on limited duty. After the accident he got another officer to take his place. On July 6, 1989, the replacement officer could not work the detail so appellant filled in because he needed the money. He had done this "a couple of times" in the weeks before July 6th.
In its opinion, the Civil Service Commission summarized the foregoing testimony and stated that "the case rests upon the credibility of the witnesses." The commission noted that appellant knew he was on limited duty because his injuries made him unfit for street duty and "[yet], the appellant accepted and worked a paid detail which placed him in a public place where he might encounter criminals and be called upon to perform serious law enforcement work." The commission report concludes as follows:
The Commission therefore finds that Appellant knowingly committed a serious violation of department policy (i.e., working a paid detail while officially in a limited-duty status). While dismissal is a harsh penalty, this second serious willful violation of policies necessary to govern effective public service, cannot be ignored.
*473 In this court, appellant first argues that the evidence is insufficient to support the commission's conclusion that appellant "knowingly" violated the limited duty prohibition against work on a paid detail. He argues that the commission did not make a credibility determination favoring the testimony of the police witnesses and rejecting appellant's, but it based its conclusion solely on the inference that appellant could not reasonably reconcile his limited duty status with work on the detail.
This argument is without merit. A fair reading of the commission's decision is that it recognized that the case rested upon the credibility of the witnesses and necessarily resolved the conflict in favor of appellant's supervisor who said he told appellant he was prohibited from working on a paid detail and gave him a letter to this effect. Likewise the commission had to reject appellant's testimony that he was oblivious of the regulations and prohibition. The Commission also concluded that simple logic would demonstrate the inconsistency between limited duty status and work on a paid detail. We find no error in these conclusions.
Appellant also argues that his dismissal from the service is not supported by the record. In order to constitute legal cause for the dismissal of a permanent civil service employee the appointing authority must prove that the conduct complained of impaired the efficiency of the public service and that it bears a real and substantial relationship to the efficient operation of the public service in which the employee is engaged. Newman v. Department of Fire, 425 So.2d 753 (La.1983); Newkirk v. Sewerage and Water Board, 485 So.2d 626 (La.App. 4 Cir.1986). There is no direct evidence to this effect in the record and we cannot infer from the evidence that appellant's conduct substantially or significantly impaired the efficiency of the service.
In no way does this court question the wisdom of the police department regulations prohibiting an officer on limited duty from working a paid detail. But the question is whether appellant's violation of the regulation constitutes a significant impairment of the efficiency of the service. The record does not establish that it did so. Appellant's dismissal is not warranted.
In the initial discipline letter from the appointing authority to appellant notifying him of his dismissal, reference was made to appellant's past disciplinary record of a thirty day suspension in one case and a sixty day suspension in another. The appointing authority offered no proof of the thirty day suspension. The other sixty day suspension was subsequently reduced by the appointing authority to thirty-eight days and subsequently reduced by the Commission to ten days. This was the companion case to the present one. Thus, the past disciplinary record considered by the appointing authority when it dismissed appellant became much less serious when the commission decided the case.
Accordingly, the ruling of the Civil Service Commission dismissing his appeal is reversed. The disciplinary action of the appointing authority is amended. In lieu of termination, appellant is suspended from his employment from July 6, 1989 until this judgment becomes final.
REVERSED IN PART AND AMENDED.
WARD, J., dissents.
WARD, Judge, dissenting.
I disagree with the majority and would affirm the Board's dismissal of Hatzgionidis.
The Commission report concluded that Appellant knowingly committed a serious violation of department policy by working a paid detail while officially in a limited-duty status. The Commission based its conclusion on a finding that Hatzgionidis "knowingly" violated the prohibition thus placing him in a position of possibly endangering the safety of the public. The majority of this Court, however, found that there was no direct evidence of impairment of the efficiency of the public service and thus dismissal was unwarranted.
I respectfully submit the majority errs if this Court requires the appointing authority to directly prove the employee's conduct *474 impaired the efficiency of the New Orleans Police Department.
The Civil Service Board has the exclusive authority to hear appeals of disciplinary action by the appointing authority. La. Const.1974, Art. 10, Sec. 12. The scope of the employee's appeal to the board is a review of the appointing authority's action to see if there was "cause" for the action. La. Const.1974, Art. 10, Sec. 8. The decision of the Commission may be appealed directly to the Court of Appeal, and the appeal lies as to both questions of law and fact. La. Const.1974, Art. 10, Sec. 12. Nothing by way of the Constitution or statute requires more than a showing of "cause". It is doubtful that the Administrative Procedure Act applies to Civil Service hearings; first, because the Civil Service Commission is granted broad powers by the Constitution to establish procedure before it, La. Const. 1974, Art. 10, Sec. 10; and secondly, because the Administrative Procedure Act contemplates judicial review first by a district court, R.S. 49:964, while the Constitution provides direct appeal on questions of both law and fact to appellate courts from Civil Service hearings.
As a practical matter even though appeal lies as to facts we should defer to the fact finder who heard the witnesses, and as a consequence of the broad scope of appeal, I submit the only inquiry this Court should make is "Did the Civil Service Commission commit manifest error by finding that the appointing authority had cause for its actions?" And emphatically, in the Constitution or statutes as to this case and others, there is no requirement that the appointing authority show that the employee's actions impaired the efficiency of the public service.
"Arbitrary and capricious" adds nothing to the requirement of "cause" for disciplinary action because it is understood the Commission cannot act arbitrarily or capriciously or commit manifest error and still find "cause" for disciplinary action. Newman v. Department of Fire, 425 So.2d 753 (La.1983) and other cases should be construed merely as the application of the general rule requiring cause to the factual specific situation. Naturally, if the employee's act has absolutely no connection with his employment there is not "cause" for the disciplinary act. I respectfully suggest that these judicial assertions merely emphasize there must be cause for disciplinary action and the appointing authority has the burden to prove it. See Martin v. City of St. Martinville, 321 So.2d 532 (La. App.Cir.1975).
I submit this court cannot overrule a decision of a municipal civil service board merely because it disagrees with the penalty imposed; the court cannot simply substitute its judgment for that of the board. Shields v. City of Shreveport, on rehearing 565 So.2d 473 (La.App. 2 Cir.1990), writ granted, 571 So.2d 637 (La.1990), citing Dumez v. Houma Municipal Fire and Civil Service Board, 408 So.2d 403 (La.App. 1 Cir.1981); Patrick v. Lake Charles Municipal Fire and Police, 344 So.2d 1121 (La.App. 3 Cir.1977).
The record supports the action of the Commission, indicating that the disciplinary action of the appointing authority was for legal cause and therefore should not be disturbed by the judiciary on appeal. I therefore dissent from the majority view.